UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF CARPENTERS
PENSION FUND, CHICAGO REGIONAL COUNCIL
OF CARPENTERS WELFARE FUND, CHICAGO AND
NORTHEAST ILLINOIS REGIONAL COUNCIL OF
CARPENTERS APPRENTICE AND TRAINEE
PROGRAM and LABOR/MANAGEMENT UNION
CARPENTRY COOPERATION PROMOTION FUND,

Plaintiffs,

v.

MSM SOLUTIONS, INC., an Illinois corporation,

Defendant.

## COMPLAINT

Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND ("Pension Fund"), the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND ("Welfare Fund"), the CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("Trainee Fund"), the LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND ("Labor/Management Fund) and their respective trustees (hereinafter collectively the "Trust Funds"), by their attorney Kevin P. McJessy, complain of Defendant MSM SOLUTIONS, INC. ("Defendant"), an Illinois corporation, as follows.

### SUMMARY OF THIS ACTION

1.  The Trust Funds bring this action against the Defendant under ERISA because Defendant failed to pay amounts owed to the Trust Funds pursuant to the Area Agreement and the Trust Agreements for the period July 1, 2011 through December 31, 2014 ("Audit Period") as determined after an audit by the Trust Funds' designated auditor, Legacy Professionals, LLP

("Legacy Professionals"). The Trust Funds seek payment of all unpaid fringe benefit contributions, interest and liquidated damages, auditors' fees and attorneys' fees and costs.

## JURISDICTION

2. This Court has jurisdiction over this matter based on questions arising under §502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and §301 of the Taft-Hartley Act. (29 U.S.C. §§ 1132 and 185).

## VENUE

3. Venue is proper in this District because the Trust Funds are multi-employer employee benefit plans which are located in and administered in Chicago, Illinois.

## THE PARTIES

4. **The Trust Funds.** The Trust Funds receive contributions from numerous employers pursuant to the Area Agreement ("Area Agreement") between the employers and the Chicago and Northeast Illinois Regional Council of Carpenters (hereinafter referred to as the "Union") and therefore are multi-employer plans. (29 U.S.C. §1002).

5. The Trust Funds collect contributions on their own behalf and on behalf of related funds which have charged the Trust Funds with the obligation to collect contributions.

6. The Trust Funds then use the contributions to provide medical, pension, training and other benefits to Union carpenters and other persons.

7. **Defendant.** Defendant is an Illinois corporation engaged in an industry affecting commerce.

8. Defendant signed a Memorandum of Agreement ("Agreement") with the Union on February 1, 2004. A copy of the Agreement is attached as Exhibit A.

2

9. Pursuant to the Agreement, Defendant agreed to be bound by the Area Agreements, by the terms of the trust agreements establishing each of the Trust Funds, and by the rules and regulations adopted by the Trustees of each of the Trust Funds.

10. The Agreement, the Area Agreements, the trust agreements and the rules and regulations adopted by the Trustees of each of the Trust Funds are hereinafter collectively referred to as "Agreements."

## GENERAL ALLEGATIONS

11. The Agreements and ERISA, 29 U.S.C. §1059, require Defendant to maintain books and records sufficient for the Trust Funds or their designees to determine whether Defendant has accurately reported and paid contributions it owes to the Trust Funds.

12. The Agreements and ERISA, 29 U.S.C. §1059, require Defendant to produce such books and records to the Trust Funds or their designees so that the Trust Funds or their designees can determine whether Defendant has accurately reported and paid contributions Defendant owes to the Trust Funds.

13. The Agreements require Defendant to contribute to the Trust Funds for each hour worked by Defendant's employees performing jurisdictional work.

14. The Agreements prohibit the employer from subcontracting jurisdictional work to nonunion subcontractors for work performed at a jobsite.

15. The Area Agreement provides that if Defendant subcontracts jurisdictional work to a subcontractor who is not signatory to the Area Agreement, then Defendant shall require the subcontractor to be bound by the terms of the Area Agreement or Defendant shall maintain daily records of the subcontractor's employees and pay contributions to the Trust Funds for the hours worked by the subcontractor's employees.

16. At the Trust Funds' direction on or about December 30, 2014, the independent auditing firm Legacy Professionals initiated an audit of Defendant's books and records for the Audit Period.

17. Legacy completed its audit of Defendant's books and records for the Audit Period and concluded that Defendant owes fringe benefit contributions in excess of $25,000.00. The Trust Funds demanded that Defendant pay the amount due but Defendant failed to comply with the Trust Funds' demands.

## COUNT I

18. The Pension Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

19. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay all amounts owed to the Pension Fund for the Audit Period.

20. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Pension Fund incurs in the collection process.

21. The Pension Fund has complied with all conditions precedent in bringing this suit.

22. The Pension Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Pension Fund and/or to compel production of all books and records necessary for an audit.

23. Defendant must pay attorneys' fees and court costs that the Pension Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

24. This Court should award the Pension Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount that is due.

25. This Court should award the Pension Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Pension Fund prays for judgment in its favor which orders Defendant:

A. to pay any and all contribution amounts the Defendant owes the Pension Fund or which the Pension Fund is responsible for collecting or authorized to collect under the Agreements;

B. to pay interest on the amount that is due;

C. to pay interest or liquidated damages on the amount that is due;

D. to pay the reasonable attorneys' fees and costs the Pension Fund incurred in this action;

E. to pay auditors' fees incurred to establish the amount due; and

F. to award the Pension Fund such other and further relief as the Court deems just and equitable.

## **COUNT II**

26. The Welfare Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

27. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay all amounts owed to the Welfare Fund for the Audit Period.

28. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Welfare Fund incurs in the collection process.

5

29. The Welfare Fund has complied with all conditions precedent in bringing this suit.

30. The Welfare Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Welfare Fund and/or to compel production of all books and records necessary for an audit.

31. Defendant must pay attorneys' fees and court costs that the Welfare Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

32. This Court should award the Welfare Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

33. This Court should award the Welfare Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

    (a) interest on any unpaid contributions; or

    (b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Welfare Fund prays for judgment in their favor which orders Defendant:

    A. to pay any and all contribution amounts the Defendant owes the Welfare Fund or which the Welfare Fund is responsible for collecting or authorized to collect under the Agreements;

    B. to pay interest on the amount that is due;

    C. to pay interest or liquidated damages on the amount that is due;

    D. to pay the reasonable attorneys' fees and costs the Welfare Fund incurred in this action;

    E. to pay auditors' fees incurred to establish the amount due; and

    F. to award the Welfare Fund such other and further relief as the Court deems just and equitable.

## **COUNT III**

34. The Trainee Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

35. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay all amounts owed to the Trainee Fund for the Audit Period.

36. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Trainee Fund incurs in the collection process.

37. The Trainee Fund has complied with all conditions precedent in bringing this suit.

38. The Trainee Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Trainee Fund and/or to compel production of all books and records necessary for an audit.

39. Defendant must pay attorneys' fees and court costs that the Trainee Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

40. This Court should award the Trainee Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

41. This Court should award the Trainee Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Trainee Fund prays for judgment in their favor which orders Defendant:

7

    A.      to pay any and all contribution amounts the Defendant owes the Trainee Fund or which the Trainee Fund is responsible for collecting or authorized to collect under the Agreements

    B.      to pay interest on the amount that is due;

    C.      to pay interest or liquidated damages on the amount that is due;

    D.      to pay the reasonable attorneys' fees and costs the Trainee Fund incurred in this action;

    E.      to pay auditors' fees incurred to establish the amount due; and

    F.      to award the Trainee Fund such other and further relief as the Court deems just and equitable.

## COUNT IV

42. The Labor/Management Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

43. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay all amounts owed to the Labor/Management Fund for the Audit Period.

44. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Labor/Management Fund incurs in the collection process.

45. The Labor/Management Fund has complied with all conditions precedent in bringing this suit.

46. The Labor/Management Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Labor/Management Fund and/or to compel production of all books and records necessary for an audit..

47. Defendant must pay attorneys' fees and court costs that the Labor/Management Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

48. This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

49. This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

    (a)    interest on any unpaid contributions; or

    (b)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Labor/Management Fund prays for judgment in their favor which orders Defendant:

    A.    to pay any and all contribution amounts the Defendant owes the Labor/Management Fund or which the Labor/Management Fund is responsible for collecting or authorized to collect under the Agreements;

    B.    to pay interest on the amount that is due;

    C.    to pay interest or liquidated damages on the amount that is due;

    D.    to pay the reasonable attorneys' fees and costs the Labor/Management Fund incurred in this action;

    E.    to pay auditors' fees incurred to establish the amount due; and

    F.    to award the Labor/Management Fund such other and further relief as the Court deems just and equitable.

                              CHICAGO REGIONAL COUNCIL OF
                              CARPENTERS PENSION FUND *et al.*

                        By:   s/ Kevin P. McJessy
                              One of Their Attorneys

Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260
(773) 880-1265 (facsimile)
mcjessy@mcandt.com

# Exhibit A

# MEMORANDUM OF AGREEMENT

---

Firm  MSM Solutions, Inc.            Address   19W125 Mallard Court

City  Downers Grove      State  IL     Zip  60516      Phone  630-606-1695

  THIS AGREEMENT is entered into between the CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, COOK, DUPAGE, GRUNDY, IROQUOIS, KANE, KANKAKEE, KENDALL, LAKE, MCHENRY and WILL COUNTIES, ILLINOIS, hereinafter referred to as the "UNION' and

## MSM Solutions, Inc.

its successors and assigns, hereinafter referred to as the "EMPLOYER".

  This Agreement is made in consideration of the instant promises of the UNION and the EMPLOYER and the parties do hereby agree as follows:

  1.  The EMPLOYER recognizes the UNION as the sole and exclusive bargaining agent for and on behalf of the Employees of the EMPLOYER within the territorial and occupational jurisdiction of the UNION. Prior to recognition, the EMPLOYER has reviewed valid evidence and agrees that the UNION is the exclusive designated Bargaining Representative of a majority of the appropriate bargaining unit employees of the EMPLOYER.

  2.  The EMPLOYER and the UNION, hereby incorporate by reference and agree to be bound by the Area Agreements in effect on the date this document is executed through their respective expiration dates. Those Agreements include, but are not limited to, the following:

the Area Agreement negotiated between the UNION and the Mid-America Regional Bargaining Association (M.A.R.B.A.), the Agreement negotiated between the UNION and the Residential Construction Employers Council (R.C.E.C.) covering Cook, Lake and DuPage Counties, the Agreement negotiated between the Union and the Contractors Association of Will and Grundy Counties covering Grundy County, the Agreement negotiated between the Union and the Contractors Association of Will and Grundy Counties covering Will County, the Agreement negotiated between the Union and the Residential Construction Employers Council (R.C.E.C.) covering Will County, the contract negotiated between the UNION and the Kankakee and Iroquois County Contractors Association, the Agreement negotiated between the UNION and the Fox Valley Contractors Association, and the Residential Construction Employers Council (R.C.E.C.) covering Kane, Kendall and McHenry County, as well as any contracts negotiated between the UNION and other associations involved in various subtrades within the Union's occupational jurisdiction.

3. The EMPLOYER agrees to be bound by the terms of the Trust Agreements of the Fringe Benefit Trust Funds to which contributions are required to be made under the Agreements referred to in numbered paragraph 2 hereof and all rules and regulations adopted by the Trustees thereof. The EMPLOYER further agrees to make prompt payments of the per hour contributions with respect to each Trust Fund for all Employees performing bargaining unit work and/or covered by the Agreement including nonbonded and nonsignatory subcontractors as required by the applicable provisions of each agreement.

4. This Agreement and the adoption of the Area Agreement and Declarations of Trust referred to in paragraphs two and three above, shall be effective upon the date that this document is executed and remain in full force and effect to and including the expiration date of the respective Area Agreements adopted herein. Unless the EMPLOYER gives written notice to the UNION of its desire to terminate or modify the Agreement at least three (3) calendar months prior to the expiration of such Agreements, the Agreement shall continue in full force and effect through the full term and duration of all subsequent agreements(s).

5. EMPLOYER HEREBY ACKNOWLEDGES RECEIPT OF THE AREA AGREEMENT AS WELL AS COPIES OF THE AGREEMENTS INCORPORATED BY REFERENCE THEREOF FOR ALL TEN (10) COUNTIES.

IN WITNESS WHEREOF the parties have executed this Memorandum of Agreement the __First__ day of __February__ 20 __04__

EMPLOYER: __MSM Solutions, Inc.__   CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS

By: __Mario McIntosh__   __President__
(Print or Type Name)   (Title)

_____   _____
(Signature)   (District Council Officer)